UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **The Huntington National Bank** | ) | Case No.    2:07 CV 378 |
| | ) | |
| **Plaintiff,** | ) | **Judge Frost** |
| | ) | |
| vs. | ) | **Magistrate Judge Abel** |
| | ) | |
| **JPMorgan Chase Bank, N.A.** | ) | On removal from Franklin County, Ohio |
| | ) | Common Pleas Court |
| **Defendant.** | ) | Case No. 07 CVH 03 04480 |

## ANSWER OF DEFENDANT JPMORGAN CHASE BANK, N.A.

Now comes Defendant JPMorgan Chase Bank, N.A. ("JPMC") and for its Answer to the Plaintiff's Complaint, does state:

### FIRST DEFENSE

1. With respect to the allegations contained in paragraph 1 of the Complaint, Defendant JPMC admits that Plaintiff Huntington National Bank ("HNB") is a national banking association organized under the banking laws of the United States of America. Defendant JPMC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 1 of the Complaint.

2. Defendant JPMC admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant JPMC admits that is a national banking association organized under the laws of the United States of America and that is authorized to do business in Ohio. All other allegations contained in paragraph 3 of the Complaint are denied.

4. Defendant JPMC admits the allegations contained in paragraphs 6, 17, 28, 39, 50, 61, 72, 83, 94, 105, and 116 of the Complaint.

5. In response to the allegations contained in paragraphs 7, 13 18, 24, 29, 35, 40, 46, 51, 57, 62, 68, 73, 79, 84, 90, 95, 101, 106, 112, 117, and 123 of the Complaint, Defendant JPMC states that O.R.C. § 1304.28 (UCC 4-302) speaks for itself and no answer or other response is required.  To the extent such answer is required, Defendant JPMC denies all of the allegations contained in said paragraphs and states that it timely complied with all of the legal requirements governing the return, nonpayment, or dishonor of the checks at issue in this matter.

6. No response is needed to the allegations contained in paragraphs 4, 15, 26, 37, 48, 59, 70, 81, 92, 103, and 114 of the Complaint but to the extent that any response is needed, all allegations in said paragraphs are denied.

7. Defendant JPMC denies all allegations contained in paragraphs 5, 8, 9, 10, 11, 12, 14, 16, 19, 20, 21, 22, 23, 25, 27, 30, 31, 32, 33, 34, 36, 38, 41, 42, 43, 44, 45, 47, 49, 52, 53, 54, 55, 56, 58, 60, 63, 64, 65, 66, 67, 69, 71, 74, 75, 76, 77, 78, 80, 82, 85, 86, 87, 88, 89, 91, 93, 96, 97, 98, 99, 100, 102, 104, 107, 108, 109, 110, 111, 113, 115, 118, 119, 120, 121, 122, and 124 of the Complaint.

8. Defendant JPMC denies each and every allegation contained in the Complaint not specifically admitted in paragraphs 1 through 7 of this Answer.

**SECOND DEFENSE**

9. Defendant JPMC timely complied with all of the federal statutes and regulations that control and govern the timely return, dishonor, or non-payment of the checks at issue in this lawsuit, including, but not limited to, the provisions of Reg. CC (12 C.F.R. § 229.1 *et seq.*); the provisions of the Expedited Funds Availability Act ("EFAA") (12 U.S.C. § 4001 *et seq.*); as well as the provisions of the Federal Reserve Operating Circulars governing check returns.

**THIRD DEFENSE**

10. The Complaint fails to state a claim upon which relief can be granted.

**FOURTH DEFENSE**

11. Plaintiff has failed to mitigate its damages.

**FIFTH DEFENSE**

12. If there was any untimely return of the checks at issue, which untimely return Defendant JPMC denies, such untimely return was caused by persons or entities other than Defendant JPMC over whom Defendant JPMC had no control.

**SIXTH DEFENSE**

13. Plaintiff's claims are barred by Plaintiff's own negligence in its handling of the checks at issue.

**SEVENTH DEFENSE**

14. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and ratification.

**EIGHTH DEFENSE**

15. Plaintiff's claims may be barred by the applicable statute of limitations.

**NINTH DEFENSE**

16. Plaintiff's claims are barred in whole or in part due to intervening and/or superceding causes.

**TENTH DEFENSE**

17. Plaintiff's claims are barred by the provisions of Article 4 of the UCC, O.R.C. § 1304.01 *et seq*.

**ELEVENTH DEFENSE**

18.     Plaintiff's damages were not proximately caused by or the result of the alleged untimely return of the checks at issue.

**TWELFTH DEFENSE**

19.     Defendant JPMC reserves the right to add additional defenses as additional facts are learned through discovery.

Wherefore, Defendant JPMorgan Chase Bank, N.A. prays that all of the Plaintiff's claims against it be dismissed with prejudice, that it be awarded all of its attorneys fees and costs incurred herein, and for such further relief as the Court finds to be necessary and just.

/s/     *James C. Carpenter*
_____
James C. Carpenter (0012228) Trial Attorney
Vincent I. Holzhall (0074901)
**CARPENTER LAW FIRM, LLC**
140 E. Town Street, Suite 1100
Columbus, Ohio 43215
(614) 222-2100; FAX: (614) 222-2910
jcarpenter@carpenter4law.com
vholzhall@carpenter4law.com
*Counsel for Defendant JPMorgan Chase Bank, N.A.*

and

Andrew I. Sutter (0021261)
Assistant General Counsel
JPMorgan Chase Bank, N.A.
1111 Polaris Parkway, OH1-0152
Columbus, Ohio 43240
(614) 248-6478; FAX (614) 248-6060
andrew.i.sutter@jpmchase.com
*Co-Counsel for Defendant JPMorgan Chase Bank, N.A.*

4

5

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM / ECF system, which will send notification of such filing to the following:

Jody Michelle Oster (0041391)
The Huntington National Bank
41 South High Street, HC 0523
Columbus, Ohio 43215
(614) 480-4540 (phone)
(614) 480-5404 (fax)
*Counsel for Plaintiff*
*The Huntington National Bank*

     /s/    *James C. Carpenter*
     _____
     James C. Carpenter (0012228)
     Vincent I. Holzhall (0074901)